I will call for argument on the matter of Budget Blinds Inc. v. Valerie White and Al Jeremiah Morgan on behalf of Budget Blinds, I'd like to reserve three minutes for rebuttal. Okay. The central issue in this case is one of personal jurisdiction and whether personal jurisdiction exists in California based upon negotiation. Isn't there also a civil procedural issue that's present here perhaps as a threshold even to the personal jurisdiction issue under Rule 60, Rule 60B? There is. I for one would appreciate hearing your position on that because this panel is dealing for the opinion of Judge Martini. That's not a criticism but in this case it does seem to me that the district judge shows a procedural route that seems questionable. That is the invocation of B6 here as a route to setting aside the judgment. That is right, Your Honor. Rule 60B-6 was really the invocative vehicle in this setting to address the concerns of the appellee. So your position on 60B-6 could only be addressed to the court that entered the judgment? That's correct. It's intended for the court that rendered the judgment for them to go back and under extraordinary circumstances and extraordinary does not include a defense on the merits. That's substituted in some other provisions but it's intended for that court to address that. Otherwise, any time you have a court rendering a judgment, you could have a challenge to it in any other district court based upon the merits. Sure. And there's a lot of authority to support you on that but what about B4? Right. B4 is pretty clear and in fact, there is precedent to the states that it need not be addressed simply to the transferring court, right? Correct. Yes, you're right, Your Honor. And that's where I wanted to address the bulk of my comments because Rule 60B-4 is really the appropriate avenue for purposes of challenging jurisdiction. It's clear from the case law that once a default judgment has been entered, that's as effective as a judgment on the merits. So we're not here to talk about the merits and I know the appellees want to talk about the merits. But the only thing a registering court should consider under the controlling case law is whether or not there was jurisdiction. And here, there was jurisdiction and notwithstanding arguments on the merits, Rule 60B-4 is the appropriate analysis. Well, Judge Martini never ruled that there was no jurisdiction in California. Correct. He never ruled on that issue specifically. So really, he didn't rule on any 12B-4 application concerning lack of jurisdiction and as the registering court that it would be enforced. You're right. He did not rule on Rule 60B-4. He based his decision on Rule 60B-6 and in fact, actually, the analysis that he used was more in line with Rule 60B-4. If we agree with you, what do you suggest to the panel be the appropriate remedy on a remand? Well, the appropriate remedy is to analyze this under Rule 60B-4 and this court has plenary review to review to no vote. Sure, we do. But what's the record that was made before Judge Martini given the fact that he chose the B-6 route to address the issue that was raised? I think the record is fairly clear in this case in terms of the evidence that was submitted or the materials that were submitted. Here we've got... No material disputes of fact on the personal jurisdictional facts? Well, of course, we disagree on issues of personal jurisdiction. I don't know that we disagree on some of these key items or key pieces of evidence in terms of the negotiations that happened, the contract, the contract provisions, as well as the subsequent consequences of those provisions. If there are disputed facts here that implicate the question of personal jurisdiction, why shouldn't we simply send it back to allow the district court to fully develop the record? There was no evidentiary hearing held here. Is that right? I don't believe there was an evidentiary hearing held on... Affidavits or declarations? Personal jurisdiction. Correct. And the court analyzed without a suit sponte Rule 60B-6, but even still, this court has the authority, based upon the evidence presented to this court, and that's in the record, to rule on personal jurisdiction under Rule 60B-4. And that evidence is what? There was a dispute and they entered into an agreement, and it was agreed that that would be binding. But why... Your friend across the aisle will say, yeah, but not for California. The fact that the judgment was obtained based on that agreement in California doesn't mean I agree to California having jurisdiction. That's the argument of the debate. So what is your response to say that unquestionably there's jurisdiction here and the whole thing should be dismissed? Well, I don't think you look further than the court in Burger King, as well as the court in Medical Assurance Company of Mississippi, which is directly on point. And the agreement here, and let me just step back, this involved negotiations between a California company and a New Jersey company. And in the course of that, they agreed to this agreement, which included a choice of law provision in favor of California, specifically identifying California, and also additional provisions that identify California law, in addition to the subsequent consequences of that involved not only continuing obligations to perform certain conduct and even copy the California corporation on those communications, but also a settlement agreement. This is where Medical Assurance of Mississippi, the district court in that case... I'm referring to Burger King because it's a Supreme Court case. Didn't Burger King explicitly teach that a provision within an agreement of the sort that you have resorted to here would not be enough? The Burger King court said that a contract in and of itself is not enough to establish minimum contracts. Instead, you have to look at not only the provisions of the contract, but also the prior negotiations and the subsequent consequences. Okay, compare the prior negotiations as well as the future relationship between Burger King and that franchisee and the future relationship contemplated here between Ms. White and Budget Bonds. Okay. Weren't there some substantial differences there? That is a much more extensive relationship contemplated in Burger King, not to mention considerable negotiations antecedent to the agreement. Yeah. In terms of the volume of contact, conduct, or communications, I can't tell you the negotiations that were involved with Burger King versus the negotiations that were involved here. I know that they involved telephone, email, fax, and correspondence between the parties in California and in New Jersey. In that respect, I think they're equivalent. In terms of the volume, I don't know the difference because the record in Burger King does not explicitly say how many communications and how many telephone calls and so forth. Well, Ms. White says that neither she nor her company has ever physically entered California. She says they've never owned property in California. She says they've never solicited business in California, purchased or sold any goods in California, may even maintain an internet website. Do you challenge any of those facts? We do not challenge that she's never set foot in California, that she maintains a business there. We do challenge that she purposely availed herself of the benefits of California law by entering into this agreement, which explicitly calls for the application of California law. Is that agreement enough for purposeful availment under Burger King? That agreement under Burger King, a contract itself is not enough. Even worse, the Ninth Circuit has ... I don't think you cited the Peterson case, did you? No, we didn't. The Ninth Circuit in Peterson, specifically in analyzing Burger King, said, to determine whether a contract constitutes purposeful availment depends upon prior negotiations and contemplated future consequences, as Judge Smith just noted, and went on to say, in making this determination, the use of the mails, telephone, or other forms of international communications simply do not qualify as purposeful availment. Why did you not cite that case? Is it just because it was devastating to your argument, or is there some reason why that language does not control our decision? It's not devastating to our case. I didn't cite it, but it's clear that I agree with that principle, and that is, merely the negotiations leading up to a contract are not enough. Each of these things in isolation is not enough, but together, not only the negotiations, but also the contract provisions, which in this case, and I would point out an additional contract provision, they actually agree that budget lines would become the attorney in fact. The defendants here, for Valerie White and the defendants, they agree that they will become the attorney in fact, in that agreement. They also agree to continuing circumstances, and if I go back to a couple of cases that are specific to that point. What are the continuing circumstances here? Because this strikes me as the inverse of Burger King. This was a one-shot deal. This was, take out your Yellow Pages ads, stop using the name, change what you've registered with the Corporation Bureau, we'll pay you a handsome sum of money, and we'll go our separate ways. Why is this some sort of ongoing engagement between these parties contemplated beyond what I just described? Well, the ongoing engagement included the agreement, but also included their actions that needed to occur after that, including taking the advertisements out, and when they sent correspondence to these entities, they were also required to copy the company in California, and also the payment in accordance with the Medical Assurance Corporation of Mississippi. That payment came from California, from California Bank to New Jersey, and in that case, in that district court case, which considered- Medical assurance is a district court case, so we're not bound by it, but let's accept your invitation to use it as an analogy. Don't you find it a striking distinction that Medical Assurance Company versus Jackson came about because Jackson threatened to sue Medical Assurance Company of Mississippi, not what we have here? That's, that's, that's not the, I don't- He initiated it, didn't he? He threatened to sue the insurance company on more of the other defendant's behalf, and he demands over a million dollars to settle the claim. That's what initiates the whole thing. Yeah, but the analysis that the court engaged in was solely related to the agreement and the subsequent consequences of that agreement, which was the payment, and that was sufficient for minimum contacts to be established. It is true in this case also that while budget blinds reached out to him after discovering potential trademark infringement, they reached out to him and asked him to cease and desist. They, in turn, also responded that budget blinds was, in fact, violating their trademark rights, so the same kind of claim was made back to budget blinds that they're violating the trademark. My only point being that Ms. White and her company did not initiate this by threatening to sue budget blinds. It all came about in the reverse, right? By the California corporation threatening and then initiating to sue. The initiation of the settlement agreement was by budget blinds, but, and I would turn back to the trademark infringement. More in your Mississippi case, in your medical assurance case, traveled to Mississippi. Don't you think that's a distinguishing fact that is certainly material to the ruling there and it certainly is not present here? No, it's not because the court did not rely upon that to find minimum contacts. In fact, the minimum contacts were established against not only this plaintiff, but also against the attorney, and the court there did not rely in any respect upon the prior medical malpractice issue. That's not part of the analysis for minimum contacts. There's a very fact-intensive inquiry concerning jurisdiction, it always is, and I think you have some very devastating facts on your side, as probably your opponent does. For me, the most devastating one is that they designated an attorney, in fact, in the state of California, but that may be overcome. Why wouldn't it be sufficient if we just vacate the district court's order and remand to the district court for it to determine whether or not there was jurisdiction in the California court to enter the judgment? Wouldn't that be sufficient? This court can certainly do that. I don't want to dispute that, but I think that the evidence in front of this court, including what you just indicated, and that is they appointed an attorney, in fact, budget blinds in California, in addition to the other provisions, that this court can make a determination on its own that minimum contacts is established, that minimum contacts do exist, such that personal jurisdiction was appropriate in California. Well, if you were to win, then you could register the judgment here without objection. If we were to win that... That jurisdictional dispute, yeah. Before the district court? Yeah. Certainly, that's true. Does BBI dispute, another factual matter, does BBI dispute what Ms. White contends, that she specifically negotiated to eliminate a contractual clause that waived objections to personal jurisdiction? I don't see you as challenging that anywhere in your brief. No, we do dispute that. There was no explicit removal of that, and really... So, that's a factual issue that might be coming up if this were remanded to the district court? Well, I don't think so. I mean, one, that's clearly... You don't think that's significant? Well, I think clearly that's parole evidence that wouldn't be considered. It's the agreement that's in place, which clearly indicates that California is the choice of law, and that, in fact, actually contemplates potential future litigation, which then directs me to another case, a district court case, in the Regency Lighting case, in which that court, similar type of scenario, found that there was minimum contacts, in particular reliable to the potential for litigation, potential for subsequent lawsuit. Here, that exists. Why would it violate the parole evidence rule? I let that one go, because it's the reverse of the parole evidence rule, but obviously the panel... Yeah, well, why would it violate the parole evidence rule, if the contract was drawn, and specifically, your adversary wanted to leave it from it, and you wanted to place an acknowledgment of jurisdiction in California? Well, again, without going down the road of parole evidence, it was not provision... Well, you brought it up. That's the reason the panel is asking you about it. Right. It was a provision that was not negotiated. Now, whether or not it was... She explicitly asked to have it removed, there's no evidence of that, other than her claim that she had it explicitly removed. But our contention would be that it wasn't in that scenario. In fact, it would be contrary to suggest that, while at the same time saying all these other provisions, controlling with respect to California law, should apply. We'll have you back on rebuttal, Mr. Morgan. Thank you. Mr. Nelson? May it please the court, my name is Ronald Nelson. I represent the white defendants. I agree with my adversary that 60B-4 is the appropriate vehicle for considering the motion to set aside the default judgment for coverage in California. You didn't specifically invoke it by number anywhere in your application, but I assume you would argue that the relief you requested explicitly invoked the nullification of a judgment, and thereby that implicates B-4. Yes, sir. And to be even clearer, although Judge Martini did invoke subsection 1, we did not assert that there was a mistake inadvertently supplied with excusable neglect. We welcome the opportunity to vacate the default judgment under 6, but find it more difficult to sustain a backward end of explanation than the more straightforward subsection number 4 that the judgment is void for want of impersonal jurisdiction. So cutting to the chase, are there, as some of the questions and some of the answers here have suggested, issues of fact relevant and material to personal jurisdiction and B-4 that compel this panel to remand this case to Judge Martini for further proceedings? I don't believe so. The proceedings before Judge Martini contemplated 60B-4. All the affidavits that were submitted contemplated all of the cases that were briefed. Okay, but did he understand it that way? Because the relief he gave was not 60B-4 relief, so the relief he gave was not in accordance with finding no jurisdiction in the California court. I think he understood but rejected it, and indeed rejected it in a footnote, which frankly involved in those proceedings. But nevertheless, there is a sufficient record in which to pass upon the issue of impersonal jurisdiction. It'd be for us. Yes. Well, you've heard the reaction, unanimous I believe, of the panel to the contention that the parole evidence rule might be implicated or would be implicated in any effort to inject into the record the provision concerning personal jurisdiction that was not included as a result of negotiations that your client contends did occur. Clearly, that's challenged. Is that a factual assertion that you would want any court to consider? And if so, surely you recognize the challenge as it is. This court could not consider it. The challenge was first voiced moments ago. That challenge was never made below. I was the attorney involved. I can tell you that... Where is that fact of record that's been established conclusively, though? Is it an undisputed allegation? Is it an unchallenged affidavit? It is an undisputed allegation in the affidavit of Valerie White. Judge Martini made no findings of fact here. Certainly no findings of fact that would support a B4 resolution. Did he? He did not. I agree. And that's why I say... If this case were worth millions instead of the amount it's worth, you both would want to have at it below, right? I get the sense that you're both urging us to decide it because it's just not going to be... Your clients are going to have more money into the case than the case is worth. Is that a fair observation? That certainly is a fair observation as well as the one that I made earlier that the record so far as the parties were concerned before Judge Martini, notwithstanding the fact that he didn't take that route, is complete on this point or complete enough to indicate that there was no impersonal jurisdiction in California. We touched upon... But why should we try to divine what the essential jurisdictional facts were when the trial judge didn't even make them? We're in the habit of reviewing findings of fact, not divining them. I agree. But my point is that it is a matter of degree as opposed to the absence of critical facts. And the critical facts are before this court in the form of affidavits. Well, but you've conceded that there's been no fact finding. You've also suggested to me that there really is not or ought not to be a factual dispute over one aspect of negotiations that Mr. Morgan has clearly told me is disputed. Let me raise Burger King with you because I raised it with Mr. Morgan as to the choice of law clause. And he had to concede the limited force that can be given in terms of weight or in terms of all the circumstances to a choice of law clause. But let me ask you the other part concerning Burger King's discussion of the choice of law clause, and that was that the court made clear that a choice of law clause can be relevant. Now, with that in mind, we have a choice of law clause here, and we have some facts that aren't disputed, and we have at least one fact right now that I know is disputed. Why then is it not imperative for us to throw all of that back to the district court so that it can consider a full record in light of Burger King and any other authority? I would need to circle back to the argument that I made before that the choice of law clause in and of itself is not sufficient. I just said that. We know that. But I'm saying there's other evidence here. But that it must bear a reasonable relationship to the transactions, and the transactions are laid before this court as they were laid before the district court. True, there were no findings. Regrettably so. And while the sum of money between the parties is, and particularly on behalf of the white defendant, significant, it does have its point of no return or unproductivity. And the fact is that I don't believe that there are any other factors in this dynamic of determining whether there are factors for some jurisdictions not fully put before the court in the form of affidavits. How about your having appointed an attorney of fact in California? That's pretty devastating. You're appointing someone in the state of California to represent you. If we were to adjudicate it, wouldn't that be very devastating from your point of view? No, because the exercise of that power of attorney was not for the purpose of any activity or conduct in California. In fact, what it does, because the whole issue here is the negligence of Verizon, not following the directions of all the parties in the form and content agreed upon. The republication of the Yellow Pages into the succeeding year was not as a result of anything done or undone by any of the litigating parties. That specific direction contractually negotiated and implemented had a failsafe contractual remedy, and that was the power of attorney to budget blinds to do whatever is necessary to implement the possible failure of the publications not ceasing the republication of the old common law, New Jersey common law trademark. Is that the entering into the state of California? No, because for one thing, budget blinds chose not to do anything with the power of attorney. Does that make any difference as long as you designated someone in California as an agent? The only thing that would have been done in California is the same thing that was done during the negotiations. A letter would have gone out, but the letter would have gone out to Massachusetts or to Maryland, wherever the Verizon offices were for the Yellow Pages. There was no activity that that power of attorney, no activity in California would have resulted of any consequence other than the same kinds of communications that occurred during the negotiation process. There was no act to be done. There was no act not to be done in California. It was the power of attorney to enable the parties to fulfill their expectations, which were dashed by Verizon's negligence. That power of attorney was the fail-safe, and I would argue the exclusive remedy, not litigation, to a failure of the publications to abide by the directives of the parties. Okay. Why can't the district court assess you under broad equitable powers as it did? Thank you. I was just going to say we ought to get to the cross-appeal. They can, but they should not have. This was a situation where, under the law, a decision had to be made whether to join the issue in California or wait collaterally the attack of the default judgment, which was likely to occur on jurisdictional grounds. It happened quickly. It happened as efficiently and effectively as we could muster. There was no culpability. Is that really what was Judge Martini's basis for assessing these costs, that is a culpability for the result here by your having knowingly elected a strategy of non-appearance? I think that is clear in his opinion that he disagreed with the lawyering that was done. Okay. Isn't there even a suggestion in a few of the cases, and unfortunately I'm often usually not good with case names, but I'm virtually certain that I've seen language in cases suggesting that where there is no personal jurisdiction, non-appearance is an appropriate course of action on the part of the party sued. Actually, those cases appear in all the briefs. I didn't say they didn't appear in the briefs. I just can't think of a name off the top of my head. So isn't there authority that supports your strategic election here? Yes. So if that's the case, then assuming you are correct about personal jurisdiction and assuming that we sent the case back upon remand Judge Martini found under B-4 that there is no personal jurisdiction, he would not then, according to you, be within his discretion to impose costs and fees solely on those grounds. Yes, sir. That's correct. And if we need remand, we also cannot address then the question of fees not to be contingent upon his opportunity to resolve the question of personal jurisdiction and then to take into consideration your strategic choice here in determining the culpability issue, inter alia, in deciding whether or not still costs and fees should be imposed. Thank you. Thank you very much, Mr. Nelson. We'll have Mr. Morgan back on rebuttal. Thank you, Your Honor. Just a couple of points I want to lay out, and that is with respect to whether or not this should be remanded to the court, it's my, it's our argument that while that is a course that can be pursued, really with the facts that are established in this case, with the agreement and all that we've discussed, I think it establishes the minimum contacts in California. You know, it's interesting, probably isn't the word, you both would like us to resolve the personal jurisdiction issue, and yet you can't agree on all of the applicable facts here, which kind of puts us in a difficult position. I hope you would understand. Oh, I understand. I think, you know, while we can't agree with all facts, I think we can certainly agree with the sufficient facts to establish minimum contacts and purposeful availment in California. That, I think you'd have to concede, doesn't wash if we determine that the fact of Ms. White's specific negotiation out of the contract of her amenability of jurisdiction to California, if we deem that significant, then that doesn't wash, right? I understand you think it's not significant, but if we differ on that, then... Well, I think that all the other facts clearly establish that there is minimum contacts, not the least of which was appointing a budget line as an attorney-in-fact, which is tantamount to establishing them as an agent in California. Wasn't your adversary accurate, though, when he said that you appointed his attorney-in-fact to take a variety of actions in states outside of California? These various Verizon offices were located in Massachusetts, and I think one was in Texas. Weren't they all outside of California? It doesn't say specifically with respect to which actions or what states that attorney-in-fact... I know it doesn't dictate it in the contract, but as a matter of practical reality, isn't that... What happened? That attorney-in-fact provision is with respect to paragraph 4, which includes a number of different items, including Internet advertising, Internet publication. So it would be much broader than just the states that they've identified. That attorney-in-fact really is assigning them as an agent, given the fact that they're in California. You know, I don't know how much further you can go down the road to establish that they've purposely availed themselves of the privileges of operating in California in addition to... Do you have any facts of any kind of activity in California on the part of Ms. White and her budget blinds prior to the settlement of this and negotiations for it? Prior to the negotiations, there's no facts of record to establish her involvement or her sale, other than, and I want to get back to this as well, and that is the trademark infringement has its effects under the case law, which have their effect or are felt in California. And that's one of the things that Barbara King has well established as a factor. When the defendant there had stopped, had been removed from using the trademark, or had not stopped using the trademark, but had that relationship had ceased, they continued to use the trademark, and the Supreme Court said that was significant, and it had an effect on the franchisor in Florida. But she argues prior use, though. She's saying you're violating her rights. Right, she is arguing that. So that's a jump ball. And there are eight counts in this complaint, including trademark infringement and trademark dilution. In the end, is this case about anything other, though, than her use of the telephone number and book? Yes, it is. I mean, our argument has always been that it's not only a… What's she done other than failure to get the listing changed in the phone book, the Internet phone directories, and directory systems? Well, the continued use of the name, as you indicated. The continued use of the name after agreeing not to, with the understanding… How does she continue to use the name? Well, in the directories, as you indicated. But hasn't she taken efforts? Do you challenge that she's taken efforts to get Verizon to remove this listing? She has taken efforts, and again, I would return back to… She has. The question is not, she has taken efforts. Why don't you suggest we just remand this case and we all go back and negotiate a settlement that buys her telephone number? Well, that was the efforts that were made to try to resolve this, which she wouldn't agree to. What I would say is, unfortunately, we had to go through the entire process of the district court. They knowingly were served. They knew all about the action in California, could have easily filed something saying there's a lack of personal jurisdiction, so forth. Instead, they let us go forward, go through the entire process, get the default judgment, and then come out here to New Jersey and register it, and then they challenged it. I mean, that's the problem. We've gone through this entire process, and based upon the record facts and the materials and evidence, it's clear. I believe that there is minimal contacts in personal jurisdiction in California. On the cross-appeal, how do we have jurisdiction on the cross-appeal where, by my count, the cross-appeal was filed late? I can't answer that. You can't answer? Okay. How about the fact that cross-appeal deals with attorney's fees, which are usually not, first of all, it's not quantified, and it's usually only appealable after the final judgment of the matter? And how I would comment on the attorney's fees here, and that is Rule 60B provides that provisions can be made when setting aside a judgment, and I believe the district court appropriately, in the circumstances of work, does attorney's fees. You say that there is jurisdiction for this court to rule on the attorney's fees, the propriety or impropriety of it? Yeah, this court, in connection with a determination on Rule 60B-4, this court would have the authority to affirm that the district courts exercise the discretion under Rule 60B, which it did exercise in this case. Assuming that the cross-appeal was taken in time? Yes. All right. All right. Thank you very much, counsel. You've given us helpful arguments and a very interesting case, and we will take the matter under advisement.